## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

APR 1 0 2012

Clerk, U S  District & Bankruptcy
Courts for the District of Columbia

| | | |
|---|---|---|
| **SAFETY RESEARCH & STRATEGIES, INC.**<br>340 Anawan Street<br>Rehoboth, MA 02769 | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Civil Action No. |
| **U.S. DEPARTMENT OF TRANSPORTATION**<br>400 Seventh Street, S.W.<br>Washington, DC 20590 | )<br>)<br>)<br>) | Case: 1:12-cv-00551<br>Assigned To : Huvelle, Ellen S.<br>Assign. Date : 4/10/2012 |
| Defendant. | )<br>) | Description: FOIA/Privacy Act |

## COMPLAINT FOR INJUNCTIVE RELIEF

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from plaintiff by defendant U.S. Department of Transportation and its component, the National Highway Traffic Safety Administration.

### Jurisdiction and Venue

2.  This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

### Parties

3.  Plaintiff Safety Research & Strategies, Inc. ("SRS") is a Massachusetts company specializing in motor vehicle and product safety research, investigation and advocacy.  SRS's clients include attorneys, engineering firms, supplier companies, media, and government.  SRS works with organizations and entities interested in improving vehicle and product safety.  The company's advocacy mission includes the publication of special reports, articles and

investigations and submissions to safety agencies and policymakers on matters of public interest. Much of SRS's advocacy work is performed on a *pro bono* basis.

4. Defendant U.S. Department of Transportation ("DOT") is a Department of the Executive Branch of the United States Government and includes as a component the National Highway Traffic Safety Administration ("NHTSA").   DOT is an agency within the meaning of 5 U.S.C. § 552(f).

## Plaintiff's FOIA Request and NHTSA's Denial of Access

5. By letter to NHTSA dated November 22, 2011, plaintiff submitted a FOIA request seeking agency records relating to NHTSA's Recall 08C002000, involving Evenflo Discovery car seats models 390, 391, 534 and 552, and associated travel systems.   Specifically, plaintiff requested the following records:

> 1) copies of the laboratory test reports and videos conducted by NHTSA that led to the recall of the Discovery car seats, models 390, 391, 534 and 552;
>
> 2) all correspondence and other documentation, including, but not limited to meeting minutes and agendas, electronic communications from NHTSA to Evenflo concerning these tests and their outcomes; and
>
> 3) Evenflo's chronology "of all principal events that were the basis for the determination that the defect related to motor vehicle safety, including a summary of all warranty claims, field or service reports, and other information, with their dates of receipt," associated with Recall 08C002000, as required under 49 C.F.R. Part 573 ("defect and noncompliance information report").

6. By letter to plaintiff dated January 6, 2012, NHTSA responded to plaintiff's FOIA request. NHTSA stated that "[i]n response to item 1," it had "identified 16 pictures, 9 videos and 158 pages of records responsive to" plaintiff's request.   NHTSA released "16 pictures and 54 pages of records responsive" to the request and directed plaintiff to the agency's website for access to the videos identified as responsive.   NHTSA further stated that it is "withholding 104 pages of records because they contain information related to trade secrets and commercial or financial information." Exemption 5."   NHTSA further stated that "We have no records

2

responsive to item 2 or 3 of your request." NHTSA advised plaintiff of its right to appeal the agency's initial determination.

7. By letter to NHTSA's Chief Counsel dated January 12, 2012, plaintiff appealed the agency's denial of its FOIA request. Plaintiff stated, *inter alia*, that "it cannot be possible that there are no records responsive to item 2" of plaintiff's FOIA request.

8. By letter to plaintiff dated February 14, 2012, NHTSA's Chief Counsel responded to plaintiff's administrative appeal. He stated, *inter alia*:

> In regard to Item 2 of your original request, you allege that responsive documents, such as memoranda or communications regarding press releases, "must" exist. . . . I have determined that responsive records may exist elsewhere in NHTSA's files. Therefore, effective today, I am remanding your FOIA request for a new search within the Agency and reprocessing. The Agency will treat your appeal as to Item 2 as an initial request and will process it in accordance with applicable timelines as if it had been received by the Agency today.

9. To date, NHTSA has not responded to plaintiff's "remand[ed]" FOIA request, and more than 20 days have passed since the agency stated that it would "process it in accordance with applicable timelines."

10. Plaintiff has exhausted the applicable administrative remedies.

11. Defendant DOT and its component, NHTSA, have wrongfully withheld the requested records from plaintiff.

## **Requested Relief**

WHEREFORE, plaintiff prays that this Court:

A. order defendant DOT and its component, NHTSA, to disclose the requested records in their entirety and make copies available to plaintiff;

B. provide for expeditious proceedings in this action;

C. award plaintiff its costs and reasonable attorneys fees incurred in this action; and

D.  grant such other relief as the Court may deem just and proper.

Respectfully submitted,

DAVID L. SOBEL
D.C. Bar No. 360418

1818 N Street, N.W.
Suite 410
Washington, DC 20036
(202) 246-6180
sobel@att.net

Counsel for Plaintiff

4